GLICKSTEIN, Judge,
concurring specially-
Appellant is the curator of the Estate of George B- Underwood, a Palm Beach County resident. As curator of the estate, appellant filed a complaint for a declaratory judgment, whereby it sought to establish the rights and obligations, under a certain employment contract, between County Shopping Center at East Brunswick, Inc. (“Corporation”) and G. Earle Underwood. The complaint alleges that the principal asset of deceased’s estate is all of the outstanding stock of the Corporation; that the defendant G. Earle Underwood is its President; that the Corporation’s primary asset is the shopping center; that the Corporation has entered into a binding contract to sell the shopping center; and that a dispute has arisen with respect to the contract in that defendant G. Earle Underwood claims that the Corporation must continue to pay him pursuant to the contract, notwithstanding the sale of the shopping center.
G. Earle Underwood moved to dismiss the curator’s complaint on the basis that the curator had no standing because neither the estate nor decedent’s estate was a party to the contract. The order which *61 dismissed the complaint with prejudice is the subject of this appeal.
The issue is whether Florida’s declaratory judgment act, specifically section 86.-041(3), Florida Statutes (1985), should be construed to enable a shareholder to assert a corporate cause of action. We have concluded that it should not.